[No. 7,800.—In Bank.]

## JAMES V. COFFEY *v.* M. A. EDMONDS.

58 521
92 137

CONTESTED ELECTION — BALLOT — MISNOMER — VIGNETTE — BREAKAGE OF
SEAL OF PACKAGE.—M. A. Edmonds having received a certificate of
election as Superior Judge of San Francisco, his election was contested
by C., and upon a recount in the Superior Court, the Court held that
the former had a majority of eight votes. Upon appeal the contest-
ant relied upon the following grounds of objection: 1. Five ballots
were counted for Edmonds which read "For Judge of the Superior
Court, M. A. Edwards." 2. That one ballot counted for E. was com-
posed of a half of each of two tickets; the entire ticket of the Republi-
can party, except the vignette, being attached to the vignette of the
Democratic party. 3. Another ballot had the words "For President,
Hancock and English" written in lead pencil upon its face under the
words, at the top of the names, "Eleventh Senatorial District." 4. On
another ballot the contestant claimed that the name M. A. Edmonds
had been erased by a pencil line drawn through it—the respondent claim-
ing that it appeared from the ballot that the pencil line had been rubbed
off so as to cancel the erasure. 5. When a package of ballots from one
precinct was brought into Court by a deputy clerk to be examined and
counted in its turn, the seal was found broken and the strings loose, but
there was no evidence that any ballot had been tampered with, and
when the package came into the custody of the Court it was properly
sealed. 6. Forty-two ballots of the National Greenback Labor party were
counted for respondent which differed from the regular ticket of the
party in the following particulars, viz.: in the vignette of the ticket were
the words "Ninth District," instead of "Ninth Senatorial District;"
and below, the words "For Assemblyman" instead of the words "For
Member of the Assembly," and the words for "Superior Judge," in-
stead of the words "For Judge of the Superior Court." 7. From one
ballot of the Democratic party as originally printed the name was erased
and the name of "Edmundson" written in its place. Upon the 1st, 2d,
and 7th points the Court not being fully in accord expressed no opinion.
Upon the other points *held* as follows, viz.: Upon the 3d, that the ballot
was good; upon the 4th, that the question whether or not the attempted
erasure had been canceled was a question for the Court below to find,
and that, upon an inspection of the ballot, the question was so far
doubtful that this Court was not inclined to interfere; upon the 5th,
that when the package came to the Court properly sealed, the object
of the law requiring it to be sealed was accomplished, and that while
in the custody of its officers, in the absence of any proof, the law would
not presume an act of bad faith on their part; upon the 6th, that the
ballots were good. Judgment was accordingly affirmed.

APPEAL from a judgment against the contestant, and from
an order denying a motion for a new trial in the Superior
Court of the City and County of San Francisco. EVANS, J.

. *John C. Burch, Thomas F. Barry, George Flournoy,* and *Crittenden Thornton,* for Appellant.

The Court erred in counting for "Edmonds" the ballots for "Edwards," and the ballot for "Edmundson." It is not pretended that the ballot contained the name of "Edmonds," and the code prohibits any extrinsic evidence or testimony to indicate the intention of the voter. (Pol. Code, § 1201.) It is not contended that the names are *idem sonans,* nor that one is an abbreviation for the other. There is no likeness in the sound. (Cooley's Const. Lim., 608, 610–611; *People* v. *Mayworm,* 5 Mich. 146; *Attorney-General* v. *Ely,* 4 Wis. 430; *People* v. *Ferguson,* 8 Cow. 102; *People* v. *Cook,* 14 Barb. 259; *People* v. *Tisdale,* 1 Doug. 65; *People* v. *Saxton,* 22 N. Y. 309; *Hart* v. *Evans,* 8 Pa. St. 13; *People* v. *Pease,* 27 N. Y. 84; *People* v. *Cicott,* 16 Mich. 283; *Clark* v. *Robinson,* 88 Ill. 498.) The ballot, composed the one half of the Republican ticket, and the other half of a Democratic ticket, should clearly have been rejected under sections 1206 and 1207 of the Political Code, for it is impossible to attach two pieces of different ballots together so that the device is not visible from either side when unfolded. Such a ballot is also obnoxious to sections 1196 and 1197 of the Political Code, and is really a paster; so with a ballot which has the words "for Hancock and English" written under the vignette. Each of these ballots, in addition to being marked ballots, are evidently calculated to and were used to deceive the voter. Ballot one hundred and twenty-three, from the same precinct, has the name scratched off, and its validity must be determined from an examination of the ballot itself. (*Kirk* v. *Rhoads,* 46 Cal. 398.) The Court erred in receiving the envelope and the ballots therein contained, returned from the sixth precinct of the Eleventh Ward. When this package first came to the Court it was well sealed, and when it was brought into the Court for the purpose of evidence it had been broken open; the seal was broken and the string hanging out several feet. (Pol. Code, §§ 1257–1266.) The party offering this envelope or package, or relying upon it as evidence, must account for its appearance or condition. (1 Greenl. Ev., §§ 564–568; Code Civ. Proc., § 1982.) The primary evidence being destroyed, the next best, the official

acts of the Precinct Board of Election, their tally-lists and returns must be taken under the presumption that official duty is correctly performed. (Code Civ. Proc., § 1963, Subd. 15 ; McCrary on Elections, par. 78 ; *People* v. *Halden,* Brightley's Election Cases, 483 ; *Butler* v. *Lehman,* 1 Bart. 324 ; *Kline* v. *Verru,* 1 Bart. 281 ; *Archer* v. *Allen,* id. 169.) The Court erred in counting for the respondent the forty-two votes of the "National Greenback Labor Party," which were printed with a device whereby each of them could be known or distinguished from all other tickets or ballots. (Pol. Code, §§ 1191, 1197, 1206, 1207 ; Statutes, March 18th, 1878, p. 180 ; *Kirk* v. *Rhoads,* 46 Cal. 398; Cooley's Const. Lim., 605, 614 ; Code Civ. Proc., § 1875, subd. 8 ; *Knowles* v. *Yeates,* 31 Cal. 93 ; *Minor* v. *Kidder,* 43 id. 237.)

*W. H. L. Barnes, W. W. Cope, Warren Olney, D. McClure,* and *W. W. Morrow,* for Respondent.

Two principal points are relied upon by appellant, and as we figure the vote he must be successful in both propositions to win the cause.

1. On five Democratic tickets the names of all the Democratic candidates for Judges of the Superior Court were erased, and opposite the erasures was a clear attempt to write the names of the Republican candidates. Whether the voter succeeded or not was the question before the Court below. What he did was to write opposite the names of the erased Democratic candidates the names : J. F. Finn, T. K. Wilson, M. A. Edwards, J. C. Cary. On a sixth ballot Edmundson was written, instead of Edmonds. The first object in construing a ballot, as in construing any other written instrument, is to arrive at the intention of the party—the voter. What that intention was must be ascertained from the ballot, it is true, but the same rule applies here that applies to other instruments, and that is, that the ballot must be construed in view of all the surrounding circumstances, and for the purpose of showing what those circumstances were, parol testimony is received. (Cooley on Const. Lim. 611; *Attorney-General* v. *Ely,* 4 Wis. 429 ; *Clark* v. *Robinson,* 88 Ill. 508 ; *People* v. *Cook,* 8 N. Y. 67, and note to above case, in Cooley on Const. Lim., 4th ed. 611 ; *People* v. *Cicott,* 16 Mich. 317.   2. With re-

gard to the broken package, all the evidence tends to show that the seals were broken by accident in the handling of the packages, while in the custody of the Court, as many others were.

The COURT:

At the election held November 2d, 1880, in the City and and County of San Francisco, for Judge of the Superior Court, James V. Coffey, the contestant, and M. A. Edmonds, the respondent, were voted for. The Board of Election Commissioners declared and certified the result of the election to be that M. A. Edmonds received 20,476 votes, and James V. Coffey 20,474 votes, and declared Edmonds to be elected. Thereupon Coffey contested the election of Edmonds, and after due proceedings had thereto, a recount was had in the Court below. Upon such recount the Court below held that Edmonds had received 20,491 votes, and Coffey 20,483 votes, showing a majority of eight votes for Edmonds, and adjudged that Edmonds was duly elected. From that judgment and the order denying his motion for a new trial, Coffey, the contestant, appealed to this Court.

1. Among the ballots were five, reading thus: "For Judge of the Superior Court, M. A. Edwards." Evidence was offered and received that there was no person by the name of Edwards who was a candidate for any office at the election; that there was no attorney residing in the City and County of San Francisco of the name of M. A. Edwards; and that Edmonds had by some persons been known as and called Edwards, on account of the similarity of pronunciation, and had paid bills of personal expenditure made out and presented to him as M. A. Edwards. The court below, against the objection of Coffey, ordered these ballots to be counted for Edmonds.

2. One ballot was composed of a half of each of two tickets, thus: The vignette of a ticket of the Democratic party was taken, and attached to it, with paste or mucilage, was an entire ticket of the Republican party, except the vignette. Each of the political parties had filed a vignette, according to the provisions of the act of March 7th, 1878, Stat. 1877–8, p. 180. No name of any of the Democratic candidates was upon the ballot in question, nor was the vignette of the Republican party upon it. Coffey was a candidate of the Dem-

ocratic party, and Edmonds of the Republican party. This ballot was, by order of the Court below, counted for Edmonds.

3. A ballot had the words, " For President—Hancock and English," written in lead pencil, upon its face, under the words, at the top of the names, " Eleventh Senatorial District." This ballot had also on its face, " For Judge of the Superior Court —M. A. Edmonds," and was, by order of the Court below, counted for Edmonds.

4. A ballot had on its face the words, " For Judge of the Superior Court—M. A. Edmonds." The contestant claimed that the name, M. A. Edmonds, had been erased by a pencil line drawn through it; the respondent claimed that it appeared from the ballot that the pencil line had been rubbed off so as to cancel the erasure. This ballot also was counted for Edmonds.

5. Objection was made by the contestant to the counting of the ballots coming from the sixth precinct of the Eleventh Ward. When the package came to the Court, it was properly sealed. Many days had been occupied by the Court in counting the ballots from the various precincts; and during that time the packages not in use on a particular day were kept in the safe of the clerk of the Court. It was the custom of the Judge of the Court below, upon adjourning for the day, to go to the safe with the packages, see them placed therein, and put upon the safe his private seal, and in the morning to go and break his seal and direct the package to be used that day to be taken to the court-room. When this package was brought by the deputy clerk to be examined and counted in its turn, the seal was found broken and the strings loose. There was no evidence that any ballot had been tampered with. The Judge held that the breaking of the seal on the package and the loosening of the string had occurred accidentally in the handling, while the same was in the custody of the Court and its officers, and ordered the ballots to be counted. By this count Edmonds gained five votes.

6. The National Greenback Labor Party had a ticket and vignette. Objection was made to forty-two ballots of that party, on the ground that each of said ballots differed from the regular ticket of the party, in the following particulars: The word " Senatorial" was omitted from the designation of

the Senatorial District in the vignette of the ticket; thus: "Ninth District" instead of "Ninth Senatorial District;" each of said ballots contained "For Assemblyman" instead of "For Members of the Assembly;" and each of the ballots contained the words "For Superior Judge" instead of "For Judge of Superior Court;" and it was claimed by contestant that these were distinguishing marks on said ballots, and marked them from other ballots, in violation of section 1197 of the Political Code. The Court below overruled the objection, and ordered them to be counted.

7. From one ballot of the Democratic party, as originally printed, a name was erased, and the name of "Edmundson" written in its stead. This ballot was, by order of the Court below, counted for respondent.

According to the recount in the Court below, and the judgment of the Court thereon, the respondent, Edmonds, had a majority of eight votes; therefore it must appear that errors were committed by the Court below affecting eight ballots, or the judgment must stand. We, therefore, consider the points made by the contestant in the order as above stated:

1. As to the five votes cast for "M. A. Edwards." We are not fully in accord as to the legality of counting these ballots for M. A. Edmonds; therefore, as our judgment in the case would not be affected thereby, we express no opinion in regard to it.

2. As to the ballot with the names of the candidates of the Republican party pasted to the vignette of the Democratic party. For the reason above given as to No. 1 we express no opinion.

3. The words, "For President—Hancock and English," written on the ballot did not vitiate it. It had no "mark or thing thereon by or from which it could be ascertained what persons or what class of persons used or voted it." (Pol. Code, § 1197.)

4. Whether or not the attempted erasure had been canceled, so as to let the ballot stand and be intended as a vote for Edmonds, was a question for the Court below to find, and with the finding upon that subject this Court is not inclined to interfere. We can also add, from an inspection of the ballot we can not say that there is an erasure of the

name "M. A. Edmonds." If it were so intended by the voter, it was so obscurely done that we feel bound to solve the doubt by holding the vote to be good for the name so plainly written.

5. In regard to the package of ballots coming from the sixth precinct of the Eleventh Ward, we think the ruling of the Court below was correct. When the package came to the Court, properly sealed, the object of the law requiring it to be sealed was accomplished. After that time it was under the direction of the Court, in the custody of its officers—and in the absence of any proof, the law will not presume an act of bad faith on their part. It is not contended that there was any such act of bad faith; the contestant contended merely that the package should have remained unbroken, even by accident, until called for to be counted. This is going too far. We think the cause of the breaking of the seal was accounted for; the Court committed no error in directing the ballots to be counted.

6. The objection to the counting of the forty-two ballots of the National Greenback Labor party is untenable. What we have said, above, as to objection No. 3, will apply here.

7. As to the vote for "Edmundson," we say the same as above said in regard to the votes for "M. A. Edwards."

These views leave the result as giving at least one majority for M. A. Edmonds. The judgment and order of the Court below are therefore affirmed.