[No. 14387.   Department Two. — November 28, 1891.]

# A. B. COFFEY, RESPONDENT, *v.* G. B. LYMAN, APPELLANT.

ELECTIONS — BALLOTS — HEADING OF TICKET — VIGNETTE LAW — CONSTRUCTION OF CODE. — The words "Regular Prohibition Ticket," printed at the head of a ballot, on its face, though not adopted legally as a caption under the vignette law, do not constitute a part of the ticket, and do not make the ticket illegal, under section 1191 of the Political Code, providing that the word "for" shall constitute the top line of the ticket, where the rest of the ticket consists of the words showing for whom and for what offices the ballot was cast.

ID. — ILLEGAL MARKING — DESIGN TO DISTINGUISH BALLOTS. — It being evident that such words were not designed for the purpose of distinguishing the ballots from others, and thus destroying their secrecy, they are not thereby rendered illegal, as being illegally marked, and calculated to distinguish the persons or class of persons voting them. The fact that the device might have been used with that intention does not justify their rejection.

APPEAL from a judgment of the Superior Court of Sutter County.

The facts are stated in the opinion.

*M. E. Sanborn,* and *W. H. H. Hart,* for Appellant.

*W. T. Phipps,* and *K. S. Mahon,* for Respondent.

TEMPLE, C. — This is an election contest. The parties were opposing candidates for the office of superintendent of schools in the county of Sutter.

The sole question here is whether the court ruled correctly in counting for contestant forty-two votes cast for him upon the prohibition ticket; and as they were alike, one ruling will dispose of them all. If contestant was entitled to them, he was elected; if not, the respondent rightfully holds the certificate.

It was admitted that the prohibition party did not adopt a vignette or caption, or file one in Sutter County, and neither of the tickets had the name or number of the precinct or district in which the same was to have been or might be voted.

Thirty-nine ballots each contained the words "Reg-

ular Prohibition Tick⌐t," underscored, printed at the head, on its face; the other three had the same heading, with the addition of two stars over the words.

It is contended that these ballots should be rejected because they do not conform to the provisions of the Political Code upon the subject.

In 1878 was passed what is called the vignette law, expressly allowing a heading upon the face of ballots. Prior to that time, it is contended, no heading whatever was allowed, for section 1191 of the Political Code prescribes that the word " for " shall constitute the top line, and section 1208 that all ballots which do not conform to that section shall be rejected. Therefore it is plausibly contended no heading is allowed now except in strict conformity with the vignette law.

That act prescribes with great particularity under what conditions a heading can be placed upon a ticket: 1. It must be regularly adopted by the managing committee of a regular party; 2. It must show the district, ward, or precinct; 3. It must state that it is the regular ticket of the party, and must be that ticket, and be of certain fixed dimensions, and have certain prescribed spaces; and 4. It should be sealed up in an envelope, and filed with the county clerk at least ten days before the election.

None of these requirements were complied with in this case, and it is contended that as these provisions make an exception to the general rule, it necessarily follows that a heading not so made is contrary to the law, and fatal to the validity of the ballot. It is illegally marked, calculated to distinguish the persons or class of persons voting it, and, particularly, is a violation of section 1191 of the Political Code.

A good part of the argument of appellant is answered by the recent case of *Rutledge* v. *Crawford*, 91 Cal. 526, in which it was held that it must appear that the mark was designed for the purpose of distinguishing the ballots from others, and thus destroy the secrecy of the ballot.

It is evident that these ballots were not designed for that purpose.    That such a device *might* have been used with that intention does not justify their rejection.

Inasmuch as it is expressly enacted that any ticket not conforming to section 1191 shall be rejected, there would seem to be some force in the objection that they do not conform to that section if it is necessary to hold that the words "Regular Prohibition Ticket" constitute a part of the ticket.    For then it is evident the word "for" does not constitute the first line of the ticket as required by that section, and the heading, not being within any authorized exception, would make the ticket illegal.

But although on the ballot, these words are not a part of the ticket, which consists of the words showing for whom and for what offices the ballot was cast.

And the point has been expressly decided in *Coffey* v. *Edmonds*, 58 Cal. 521.    Some ballots had written at the top, under the vignette, "For President, Hancock and English."    This court held they were properly counted. So far as the contention is concerned, that these tickets do not conform to section 1191 of the Political Code, this case seems in point.

We advise that the judgment be affirmed.

FOOTE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.