**BRADFORD et al. v. McCLOSKEY et al.**
**(No. 6893.)**

(Court of Civil Appeals of Texas. San Antonio. Oct. 20, 1922.)

1. Elections ⬢171—"Public Weigher, Precinct No. 1" held a sufficient designation of the office to be filled.

Under Rev. St. 1911, art. 7828 et seq., as amended by Gen. Laws 36th Leg. (1919) c. 76 (Vernon's Ann. Civ. St. Supp. 1922, art. 7828 et seq.), providing for the election of public weighers in justice precincts in certain counties, the term, "Public Weigher, Precinct No. 1," was a sufficient designation, and definitely described the office.

2. Elections ⬢188—That names of candidates for public weigher were separated and under different designations held not to invalidate the election.

That the name of each candidate for public weigher was separated on the ballot from that of the other and placed under separate designations did not invalidate the election in so far as that office was concerned, in the absence of a showing that the voters were misled.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by Charles A. Trolio against Augustus McCloskey and others, constituting the County Election Board, to restrain the placing of the name of Sam D. Bradford on the official ballot for the general election. Sam D. Bradford intervened, seeking to restrain the placing of the name of Charles A. Trolio on the official ballot for the general election. Relief was denied both Bradford and Trolio, and they both appeal. Affirmed in part, and reversed and rendered in part.

John Sehorn and Edwin Sehorn, both of San Antonio, for appellants.

William T. Thornton and Walter J. Bergstrom, both of San Antonio, for appellees.

SMITH, J. In due and proper course appellant Charles A. Trolio made application to the county Democratic executive committee of Bexar county to have his name placed on the ballot, to be voted at the Democratic primary election on July 22, 1922, as a candidate for the nomination for the office of "Public Weigher, Justice Precinct No. 1, Bexar County, Texas." In like manner, appellant Sam. D. Bradford made application to the same authority to have his name placed on the same ballot as a candidate for the nomination for the office of "Public Weigher, Precinct No. 1, Bexar County, Texas." It will be observed that the only difference between the two applications is that in the one the county subdivision was described as "Justice Precinct No. 1," while in the other it was described as, simply, "Precinct No. 1."

Upon the application of Trolio to Hon. W. W. Walling, special judge of the Thirty-Seventh district court of Bexar county, that court granted an injunction, restraining the county executive committee from placing Bradford's name on the ballot under the designation, "For Public Weigher, Justice Precinct No. 1, Bexar County." There was no appeal from this order, but the committee, while observing the injunction, solved the apparent difficulty by arranging the ballot, as to these candidates, which was subsequently voted upon in the primary, as follows:

"Official Ballot Democratic Party.
......
"For Public Weigher of Bexar County, Justice Prec. No. 1.
"CHAS. A. TROLIO.
"For Public Weigher of Bexar County, Prec. No. 1.
"SAM D. BRADFORD."

In due course, following the primary election, the executive committee, in the form provided by law, certified to the proper authority that Trolio had received 8,067 votes "For Public Weigher, Justice Precinct No. 1." etc., and that Bradford had received 9,340 votes "for Public Weigher, Precinct No. 1," etc.

Subsequently Trolio sought an injunction restraining the county election board from placing Bradford's name on the official ballot for the general election, and Bradford intervened, praying in turn that the election board be restrained from placing Trolio's name on the official ballot. The issue between the candidates thus became definitely joined. The court, upon a hearing on an agreed statement of facts, denied both applications, and both parties have appealed. In this way the controversy has reached this court.

The office of public weigher, and the powers, duties, and obligations of such officials are provided for in title 132, art. 7828, et seq., Revised Statutes, as amended by the act of March 17, 1919 (Gen. Laws 36th Leg. p. 122 [Vernon's Ann. Civ. St. Supp. 1922, art. 7828, et seq,]). Under the provisions of these acts, the Governor is empowered to appoint public weighers in certain classes of cities, and the commissioners' courts of the various counties are authorized to provide for the election of public weighers in such justice precincts of their respective counties as may be designated by them. No provision seems to be made in any of these acts for the election of public weighers in any subdivision of a county other than justice precincts. So, when a candidate is elected

⬢For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to the office of public weigher, the statute automatically prescribes and limits the realm of his official activities to the justice precinct in which he resides and is elected.

[1] The precise question first presented here is, What is the proper designation of the office sought by the two candidates? They each aspire to the office of public weigher of justice precinct No. 1, it is true. Is it necessary, then, in designating that precinct for this purpose, to use the term "Public Weigher, Justice Precinct No. 1," or is it sufficient to say, Public Weigher, Precinct No. 1"? We think either designation is sufficient, since each points to the office in question just as certainly and definitely as the other. There is but one office of public weigher to which a candidate may be elected in justice precinct No. 1 in Bexar county, just as there is but one office of constable in the same precinct, and we can perceive of no more reason for using the word "justice" in describing the office of the one than in describing the office of the other. Suppose the parties here were seeking the office of constable, instead of the office of public weigher, and the name of one went on the ballot as a candidate "for Constable, Justice Precinct No. 1," and the other "for Constable, Precinct No. 1." Could it be contended for a moment that the two were candidates for different offices, or that the latter designation did not as definitely describe the office as the former? Surely not. And yet the same reasoning leads just as unerringly to a like conclusion in the question presented here.

[2] But one other question remains to be considered. Did the fact that the name of each candidate was separated on the ballot from that of the other, and placed under separate designations of the same office, invalidate the election so far as this office was concerned? Appellant contends that this arrangement confused and misled the voters, so that they believed they were voting upon two offices, and for an unopposed candidate for each office. If it is true that a sufficient number of voters to change the certified result of the election were so misled, then a showing of that fact should have been made in the court below. But there is no evidence before us of this nature, and as the ballots cast by the voters clearly showed that both parties were candidates for the same office, we must assume that the voters knew for whom and for what office they cast their ballots, and we are without authority to interfere with their will, so expressed. The certificate of the executive committee was simply that Trolio received 8,067 votes, and Bradford 9,430 votes, for what is in legal contemplation the same office. As we must assume, in the absence of evidence to the contrary, that the executive committee properly issued it, that certificate is conclusive upon us that Bradford received a majority of the votes cast for the office in question, and must be regarded as the nominee for that office.

The judgment of the court below must be affirmed, in so far as the injunction sought by Trolio is denied; but, in so far as it denied the injunction sought by Bradford, it will be reversed, and judgment will be here rendered that such injunction be granted.

Affirmed in part; and in part reversed and rendered.