

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11. TEXAS

**PRICE DANIEL**
**ATTORNEY GENERAL**

Modified no. 441-541

February 14, 1949

Hon. Elton Gilliland
County Attorney
Howard County
Big Spring, Texas

Opinion No. V-771.

Re: Election of constable
not a nominee, who re-
ceived one vote in
general election.

Dear Sir:

We refer to your inquiry concerning the elec-
tion of Mr. Jack Hatch as constable of Precinct No. 4
in Howard County. Your letter reads in part as follows:

"In the 1948 Primary Election there
was no nominee for Constable of the newly
formed Justice Precinct #4, and in the
General Election no space for a candidate
for such office was provided. In the
General Election a Mr. Jack Hatch, a res-
ident of Precinct #4, and a qualified vot-
er went to his voting box and informed the
Election Judge of such voting box that he,
Jack Hatch, desired to vote for himself,
by write-in, as Constable of Precinct #4,
and requested directions as to how such
vote could be cast. The Election Judge
telephoned the County Clerk and asked him
whether such a vote would be counted and
what was the precinct number; the County
Clerk answered that such vote would be
counted, and that the precinct was number
three. Upon the basis of the information
furnished, Mr. Hatch voted for himself for
Constable of Precinct #3. No other person
received a vote for Constable in Justice
Precinct #3, and no votes were cast for a
Constable in Justice Precinct #4.

"Is Jack Hatch a duly elected Consta-
ble of Justice Precinct #4 in Howard Coun-
ty, Texas?"

Where Hatch was a qualified voter in Justice Precinct No. 4 of Howard County and cast his ballot for a qualified person for Constable in that precinct, which could only elect one Constable, the fact that the ballot was marked "Precinct No. 3" in which Hatch was not a qualified voter and did not vote, created ambiguity on the face of the ballot which should be construed according to the intention of the voter.

The rule applicable to improperly market ballots is stated in Vol. 16 Tex. Jur. page 116, Sec. 97 as follows:

"If a ballot had been inadvertently or improperly marked, evidence explaining the intention of the voter is admissible, and if such ballot, either upon its face or when construed in connection with the attending circumstances, indicates, with reasonable certainty, how the elector intended to vote, effect should be given to such intention."

State Ex rel. Easterday v. Howe, 44 N.W. 874, is a case in which some of the ballots were marked "Justice of the Peace, District 1", and some were marked "Justice of the Peace, District 3." The Court said:

"While these ballots designated the wrong districts, yet, being cast in the third district, where relator was a candidate for justice of the peace, they certainly show that the voters intended to vote for the relator for justice of the peace of the district in which they were cast. The words 'first district' did not, as we think, constitute a part of the legal designation of the office. They should be treated as surplusage, and these ballots should be counted for the relator."

In Bradford v. McCloskey, 244 S. W. 575, the Court had a case in which some of the ballots for public weigher were marked "Public Weigher, Justice Precinct 1" and others were marked "Public Weigher, Precinct 1". The Court said that there was but one office of public weigher in precinct No. 1, by reason of which either designation was sufficient. The Court said:

"There is but one office of public weigher to which a candidate may be elected in justice precinct No. 1 in Bexar County, just as there is but one office of constable in the same precinct, and we can perceive of no more reason for using the word 'justice' in describing one than the other."

In State ex rel. Vogler v. Mahncke, 41 S. W. 185, the Court said on the point:

". . . The law seems to be that a ballot must be interpreted by the ordinary rules which apply to written instruments. If, upon the face of the ballot, the intetion of the voter is clear, extrinsic evidence should not be admitted, least of all his own evidence as to what his intention was. But if, from the face of the ballot, the intention be doubtful, then evidence of the circumstances under which it was made out, if calculated to throw light upon the intention, should be admitted. . . .

"An inspection of the original ballots sent up with the record shows that there was an evident intention on the part of the voters to vote for Mahncke, but for what office is left in doubt. In this case the pleadings of appellant allege that an election was held in the city of San Antonio, for city officers and ward aldermen (among the latter, one in Fifth ward); that at said election there were four candidates for alderman of the Fifth ward, among the number being Ludwig Mahncke and H. J. Volger; and that, at the polling place in precinct No. 11 in said ward, 40 votes were counted for Mahncke that were illegal, because the office was not designated. The ballots have the official stamp on them, and we must conclude, under the law, that all the candidates for city or ward officers at the city election have their names on the official ballot. An inspection of the ballots, as well as the allegations in the pleadings, clearly indicates that Mahncke was running for but one office, that of alderman of the Fifth ward, and that all the ballots cast for him were in that ward. The votes having been

cast for Mahncke, in his own ward, and he being a candidate for only one office, we are led to the conclusion that the district judge did not err in counting them for Mahncke for alderman of the Fifth ward. . . ."

Opinion No. 0-203 by a former Attorney General held that a person was elected to the office of constable who received one vote, no vote having been cast for any other person for the office.

In view of the foregoing we are of the opinion that Mr. Hatch was elected to the office of constable of Precinct No. 4 of Howard County.

### SUMMARY

Where a candidate for constable of Precinct No. 4 of Howard County, in which he resided, was not the nominee of any political party, but intended to vote for himself for the office, was erroneously informed by the election judge that the precinct was No. 3, and he erroneously wrote No. 3 on his ballot instead of No. 4, and where his was the only ballot cast for constable in Precinct No. 4, he was duly elected to the office of constable of Precinct No. 4.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
Assistant

WTW:wb

APPROVED:
Price Daniel
ATTORNEY GENERAL